IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR LAWTON CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-091 |
| | ) | |
| CHRISTOPHER GORDON; | ) | |
| TIMOTHY VAUGHN, District Attorney; | ) | |
| LYNN SHEFFIELD, Sheriff; | ) | |
| and SUSAN C. BARLOW, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, proceeding *pro se,* brings this civil action under 42 U.S.C. §§ 1983 and 1985 to recover damages against Defendants for their alleged conspiracy to present false evidence at a trial that resulted in Plaintiff's conviction for aggravated assault and felony murder in the Superior Court of Dodge County, Georgia. Defendants District Attorney Timothy Vaughn and Assistant District Attorney Christopher Gordon filed a pre-answer motion to dismiss. (Doc. no. 8.) Plaintiff alleges he served Defendant Sheriff Lynn Sheffield with the summons and complaint. (Doc. nos. 6, 21, 22.) Sheriff Sheffield has not filed a response to the complaint. The eyewitness who allegedly committed perjury, Ms. Susan Barlow, filed an answer. (Doc. no. 7.) In exercise of its statutory power to screen *pro se* complaints, the Court **REPORTS** and **RECOMMENDS** Defendants Sheriff Sheffield and Ms. Barlow, and all claims against them, be **DISMISSED**. See Leal v. Georgia Dep't of Corr., 254 F.3d 1276,

1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915A.  The Court also **REPORTS** and **RECOMMENDS** the motion to dismiss by Defendants Gordon and Vaughn be **GRANTED**, any potential state law claims be dismissed without prejudice, this civil action be **DISMISSED**, and an appropriate judgment of dismissal be **ENTERED**.

**I.     BACKGROUND**

Taking all allegations of the complaint as true, as the Court must when considering a motion to dismiss or screening a *pro se* complaint, and drawing all reasonable inferences in Plainitff's favor, the facts are as follows.  At the conclusion of a trial in Dodge County Superior Court during the week of October 11, 2016, the jury found Plaintiff guilty of aggravated assault and felony murder in the shooting death of his brother.  (Doc. no. 1, pp. 6, 11.)  C. Lee Cannon represented Plaintiff, and Assistant DA Christopher Gordon represented the State.  (Id. at 6.)  Defendant Ms. Barlow, wife of the deceased, testified she witnessed the shooting and it was unprovoked.  (Id. at 6-7.)  Plaintiff accuses her of perjury, alleging (1) three defense witnesses testified Ms. Barlow told each of them she was "in the house" and "heard 2 shots"; (2) Ms. Barlow was inconsistent in various, unidentified statements concerning her location at the time of the shooting, identifying as many as four different locations; and (3) Plaintiff suffered serious physical injuries during the altercation with his brother, proving the shooting was provoked.  (Id. at 7-8.)

Plaintiff accuses Assistant DA Gordon and two non-party GBI agents of conspiracy, alleging they "made improper, misleading, and false statements.  Some were made in an effort to justify false testimony given by Ms. Barlow, and some statements addressed forensic evidence and even evidence contained in public records."  (Id. at 6.)  While conceding Defendant Sheriff Sheffield had no "active participation in the prosecution," Plaintiff accuses

2

him of "implicitly authorizing, approving, and knowingly acquiescing in the unconstitutional conduct of offending officers, officials, and the state's 'witness,' Ms. Barlow." (Id. at 8.) Similarly, Plaintiff accuses DA Vaughn of having "authorized, approved, and knowingly acquiesced in the unconstitutional conduct shown by offending officers . . . ." (Id.) Plaintiff does not support these general assertions of wrongdoing with any details aside from those concerning Ms. Barlow's alleged perjury.

Plaintiff challenged his conviction on direct appeal, which he apparently lost, and the Supreme Court of Georgia denied his certiorari petition. (Id. at 9, 11.) Plaintiff filed a certiorari petition with the U.S. Supreme Court that was still pending at the time of filing the complaint. (Id.) Plaintiff also explains his criminal conviction "may be the subject of a petition for a writ of habeas corpus" that he could file in the future. (Id. at 11.) In his prayer for relief, Plaintiff seeks judicial recognition of the alleged constitutional violations, a jury trial, and the award of compensatory and punitive damages. (Id. at 13.)

## II. DISCUSSION

### A. Legal Standard for Rule 12(b)(6) Motion

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits.[1]

---

[1] "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). As noted above, by statute, the Court has authority to dismiss the case or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See Waterfield v. Laboda, 518 F. App'x 667, 668 (11th Cir. 2013) (*per curiam*) (recognizing 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A are analogous provisions allowing *sua sponte* dismissal of prisoner case prior to service of process); see also Leal, 254 F.3d at 1278-79 (reviewing § 1915A *sua sponte* dismissal for failure

Adinolfe v. United Techs. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014).  The Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in Plaintiff's favor.  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*); Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

The Court must also consider Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8.  Id.  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555 (citation omitted).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

---

to state a claim).  Accordingly, the Court simultaneously considers the merits of the motion to dismiss and screens the complaint as to Defendants Sheffield and Barlow.

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94. However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff's Claims Under §§ 1983 and 1985 Against All Defendants Are Time-Barred

State law controls the length of the statute of limitations period in § 1983 actions. See McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008); see also Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996) (explaining statute of limitations for claims raised under §§ 1983 and 1985 is personal injury limitations period of forum state). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); Richards v. Cobb Cty., Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*); Rozar, 85 F.3d at 561. A claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

"[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint that the claim is time-barred.'" LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted); see also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) ("To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the

5

prisoner] can prove no set of facts which would avoid a statute of limitations bar.'"). The record does not reveal, and Plaintiff has not offered, any valid reason why the statute of limitations might be tolled. Plaintiff fails in his attempt to extend the limitations period by blaming his lawyers for failing to object at trial and/or pointing to the conclusion of his appeals process, (doc. no. 16, pp. 3-4), as citation to the trial proceedings in the complaint confirm the actions forming the basis of this case were known to Plaintiff at the time his trial concluded in October of 2016. Plaintiff signed his complaint on December 23, 2019, and the Clerk of Court filed it on December 27, 2019, (doc. no. 1, pp. 1, 13), well over three years after the conclusion of his 2016 trial. Accordingly, the case is subject to dismissal in its entirety.

  **C. Plaintiff's Claims Under §§ 1983 and 1985 Against All Defendants Are Barred by <u>Heck v. Humphrey</u>**

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), the Supreme Court held, when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. <u>Id.</u> The Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the plaintiff can show his conviction has already been invalidated. <u>Id.</u> at 487. In short, a claim for monetary damages or injunctive or declaratory relief that challenges Plaintiff's conviction is not cognizable under § 1983. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005) (concluding "cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction . . .) - *if* success in that action would necessarily

6

demonstrate the invalidity of confinement or its duration"); Heck, 512 U.S. at 483; Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (*per curiam*) ("Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims - i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release -are simply not cognizable under § 1983."); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining claims challenging fact of conviction or duration of sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983).

Plaintiff claims all defendants conspired to present false evidence at his trial that led to his wrongful conviction of aggravated assault and felony murder.  Were these claims resolved in Plaintiff's favor in this Court, the outcome would inevitably undermine Plaintiff's state conviction.  Zeigler v. Woodford, No. 5:17-CV-00480-MTT-MSH, 2018 WL 2248754, at *3 (M.D. Ga. Apr. 27, 2018) (collecting cases standing for proposition Heck bars § 1983 claims alleging invalidity of state court indictment), *adopted by*, 2018 WL 2247249 (M.D. Ga. May 16, 2018).

Yet, Plaintiff has not pointed to a "conviction or sentence . . . reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 487.  Likewise, where "success on his conspiracy claim necessarily would impugn the validity of [plaintiff's] conviction," and such conviction has not been overturned, the claim will be barred by Heck.  See Baker v. City of Hollywood, 391 F. App'x 819, 821 (11th Cir. 2010) (*per curiam*) (holding Heck bar applied to allegation defendants conspired to falsify evidence, deny plaintiff effective assistance of counsel, testify

7

falsely at trial, and "improperly prosecute[]" plaintiff); see also Salas v. Pierce, 297 F. App'x 874, 876 (11th Cir. 2008) (*per curiam*) (concluding district court properly found "claim against the Assistant District Attorney for conspiring with [the plaintiff's] counsel to coerce him into pleading guilty" barred by Heck because plaintiff failed to allege reversal of sentence or conviction).

Moreover, vague and conclusory allegations will not support a conspiracy claim. Kearson v. S. Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . . It is not enough to simply aver in the complaint that a conspiracy existed." (citations omitted)); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*) ("The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action." (citation omitted)).

Because Plaintiff has not shown his conviction and sentence have been invalidated, and because he has not shown a favorable ruling on his claims would not imply the invalidity of his convictions or sentence, his claims under §§ 1983 and 1985- both monetary and equitable - are barred under Heck. Although Heck concerned only a claim under § 1983, courts uniformly hold the Heck bar applies to claims under § 1985. See, e.g., Prescott v. Georgia, No. 1:17-CV-2395-ODE, 2017 WL 3151292, at *1 (N.D. Ga. July 24, 2017) (dismissing § 1985 claim as barred by Heck and collecting cases in support); Jones v. Steinbeck, No. 2:14-CV-557-FTM-29CM, 2014 WL 6673250, at *5 n.2 (M.D. Fla. Nov. 24,

8

2014) (same); Descent v. Kolitsidas, 396 F. Supp. 2d 1315, 1319–20 (M.D. Fla. 2005) (same).

### D. Even If Plaintiff's Claims Were Not Barred by the Statute of Limitations and Heck, Defendants Gordon and Vaughn Are Protected by Prosecutorial Immunity

Plaintiff's claims against Defendants Gordon and Vaughn are also subject to dismissal because of prosecutorial immunity. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted). Because Plaintiff complains about actions taken by Defendants Gordon and Vaughn in initiating and pursuing a criminal prosecution, both Defendants are entitled to prosecutorial immunity.

### E. Eleventh Amendment Immunity Requires Dismissal of the Official Capacity Claims Against Defendants Gordon and Vaughn

Defendants Gordon and Vaughn are protected from Plaintiff's official capacity claims by the Eleventh Amendment. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984) and footnote

9

omitted). "The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state, especially by imposing liability damages that must be paid of out the public fisc." Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1577 (11th Cir. 1994) (citations omitted). It is clear from the complaint allegations that Defendants Gordon and Vaughn were employed by the State as prosecutors working in the Superior Court of Dodge County. As the Eleventh Amendment "bar [to damages against a State in federal court] remains in effect when State officials are sued for damages in their official capacity," Plaintiff's official capacity claims against Defendants Gordon and Vaughn for monetary relief must be dismissed.[2]  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).

**F.    Any Potential State Law Claims Against Any Defendant Should Be Dismissed Without Prejudice**

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint, those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court. Federal district courts have original jurisdiction

---

[2]There is an argument to be made that any official capacity claims against Defendant Sheriff Sheffield are also barred by Eleventh Amendment immunity. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (holding Georgia sheriffs act as "state officers" in establishing and administering jail policies); Townsend v. Coffee Cty., Ga., 854 F. Supp. 2d 1345, 1350-52 (S.D. Ga. 2011) (conducting four-pronged Manders analysis to apply Eleventh Amendment immunity for law enforcement functions of sheriff's office and collecting cases in support); Young v. Graham, No. CV 304-066, 2005 WL 2237634, at *6-7 (S.D. Ga. Aug. 11, 2005) (concluding Sheriff of Dodge County sued in official capacity regarding establishment and implementation of policies and procedures regarding pre-trial detention and conditions of confinement entitled to Eleventh Amendment immunity) (Bowen, J.). However, because Plaintiff's claims against Sheriff Sheffield are barred by the statute of limitations and Heck, as described herein, and in light of the dearth of factual detail concerning the allegedly wrongful acts of Sheriff Sheffield that hinders the multi-pronged Manders analysis concerning whether a sheriff acts as an arm of the state in undertaking specific activities, the Court declines to make a recommendation for the application of Eleventh Amendment immunity for Sheriff Sheffield under the circumstances of this case.

over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the claims serving as the basis for original federal court jurisdiction must be dismissed. Thus, without the federal claims, the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc. v.

Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.")

### III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Sheriff Sheffield and Ms. Barlow, and all claims against them, be **DISMISSED**. Because Defendant Sheriff Sheffield should be dismissed, the Court also **RECOMMENDS** Plaintiff's motion requesting a response from the Court as to whether service was "legally 'effected' by the server" be **DENIED** as **MOOT**.  (Doc. no. 27.)   The Court further **REPORTS** and **RECOMMENDS** the motion to dismiss by Defendants Gordon and Vaughn be **GRANTED**, (doc. no. 8), any potential state law claims be dismissed without prejudice, this civil action be **DISMISSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 1st day of July, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA